S. H. BROWN, Respondent, v. JOHN PFORR, Appellant.

No. 2342; August 2, 1870.

**Brokers—Right to Commission.—**On Appeal from a Judgment in favor of a broker for commissions for selling the defendant's real estate, the question of an alleged revocation before the sale of the plaintiff's authority to sell will be left as found by the trial court, if the evidence was conflicting.

**Trial.—An Instruction on a Point not Raised by the Pleadings** and as to which no evidence has been put in should be refused, even though good law in the abstract.

APPEAL from Fourth Judicial District, San Francisco County.

Grey & Brandon for respondent; George & Loughborough for appellant.

See Brown v. Pforr, 38 Cal. 550.

TEMPLE, J.—This action was brought for commission alleged to be due the plaintiffs, who were real estate brokers, for selling a lot in the city of San Francisco as the agents of defendant.

Upon the question as to whether the defendant revoked the authority to sell before the sale was actually made the evidence is clearly conflicting.

The instruction asked for by the defendant, and which the court refused to give, is undoubtedly correct as a proposition of law. It was the duty of the plaintiffs to get the best price they could for the property, notwithstanding they were authorized to sell at a fixed sum, which was mentioned as the lowest price which would be accepted, and a double employment, both for buyer and seller, would be inconsistent with their duty to each; and if the fact were unknown to the parties, it would be a fraud upon each. Unfortunately for the defendant, however, no such issue is tendered by the pleadings, nor is there any evidence to which such instruction would be applicable. The statement of the plaintiff Brown that they had a customer who desired property in that locality does not even tend to establish the fact of an employment to

purchase this property for such customer. The fact that brokers may know of persons who wish to purchase is one reason why it is considered advantageous to employ them to sell.

The instruction, therefore, was properly refused.

Judgment and order affirmed.

We concur: Crockett, J.; Wallace, J.; Rhodes, C. J.